**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**WILLIE EDWARD BARNES,**
a/k/a "Big Will,"

       Petitioner,

v.                             **CIVIL ACTION NO. 3:10-CV-107
CRIMINAL ACTION NO. 3:08-CR-64-1
(BAILEY)**

**UNITED STATES OF AMERICA,**

       Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.**     **Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel [Civ. Doc. 4; Crim. Doc. 246]. By Standing Order, entered on March 24, 2000, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Joel filed his R&R on November 1, 2011. In that filing, the magistrate judge recommends that this Court deny petitioner Willie Edward Barnes' ("Barnes") § 2255 petition as barred by the waiver contained in his plea agreement.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due by November 21, 2011. Barnes timely objected to the R&R on November 17, 2011 [Crim. Doc. 249]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

## II. Background

Pursuant to a plea agreement, Barnes pled guilty to possession with the intent to distribute 141.1 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Included in the plea agreement was the following waiver of appellate and habeas rights:

> Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28 United States Code, Section 2255 (habeas corpus).

([Crim. Doc. 127 at ¶ 11). Despite this waiver, Barnes has filed the instant § 2255 petition. In recommending denial, Magistrate Judge Joel concluded that Barnes' petition is barred by his § 2255 waiver. Barnes objects, essentially restating the arguments previously made in support of his petition.

## III. Discussion

In his sole ground for relief, Barnes contends that his attorney was ineffective

2

because he failed to object to Magistrate Judge Joel's recommendation that this Court deny his motion to suppress evidence. Upon a *de novo* review of the record, this Court agrees with Magistrate Judge Joel that this claim is barred by the § 2255 waiver in Barnes' plea agreement.

Where there is a waiver of collateral-attack rights in a petitioner's plea agreement, a court reviewing an ineffective assistance of counsel claim must determine (1) whether the waiver is knowing and intelligent and (2) whether the facts giving rise to the claim occurred prior to the defendant entering his guilty plea. If a court determines that both of these issues should be answered in the affirmative, the claim is barred. *See* **United States v. Attar**, 38 F.3d 727, 731-732 (4th Cir. 1994) (appellate waiver context); *see also* **United States v. Lemaster**, 403 F.3d 216, 220 n.2 (4th Cir. 2005) (finding "no reason to distinguish between waivers of direct appeal rights and waivers of collateral-attack rights").

First, there can be no question that the waiver contained in Barnes' plea agreement is knowing and intelligent. During the Rule 11 plea colloquy, Magistrate Judge Joel asked Barnes if he understood that he was "giving up the majority of [his] rights to appeal any sentence, or to file a writ of habeas corpus," and Barnes replied that he understood. *See* **United States v. Blick**, 408 F.3d 162, 169 (4th Cir. 2005) (finding that a reviewing court should consider "whether the district court questioned the defendant about the appeal waiver"). Barnes also testified that he had received an eleventh grade education and did not have a disability or hearing impairment that would prevent him from effectively participating in the hearing. *See Id.* (finding that a reviewing court should consider "the background, experience, and conduct of the accused"). Accordingly, this Court concludes

3

that the waiver at issue is valid.

Similarly, there is little doubt that the waiver contained in Barnes' plea agreement encompasses the ineffective assistance claim he now asserts.[1]  Again, such a waiver bars ineffective assistance claims to the extent that the deficient performance complained of occurred prior to a knowing and intelligent plea and waiver.  See **Attar**, 38 F.3d at 732.  Here, Barnes' attorney had until December 8, 2008, to object to Magistrate Judge Joel's recommendation that his motion to suppress be denied.  (See [Crim. Doc. 95] at  Thus, his attorney's allegedly deficient performance occurred, at the latest, on December 4, 2008.  However, Barnes signed the plea agreement containing the subject waiver on January 12, 2009, and participated in a Rule 11 plea colloquy on the same day.  See Crim Docs. 127 & 130.  Accordingly, because the allegedly deficient performance complained of occurred prior to a knowing and intelligent plea and waiver, Barnes' ineffective assistance of counsel claim is barred.

## IV. Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Civ. Doc. 4; Crim. Doc. 246]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.  Further, the petitioner's Objections **[Crim. Doc. 249]** are **OVERRULED**.  Accordingly, the petitioner's § 2255 petition **[Civ. Doc. 1; Crim. Doc. 237]** is hereby **DENIED** and **DISMISSED WITH**

---

[1] In fact, the Honorable Irene M. Keeley recently concluded that a nearly identical ineffective assistance of counsel claim was barred by a § 2255 waiver in a petitioner's plea agreement.  See **Drake v. United States**, 2011 WL 1066920, *1-2 (N.D. W.Va. Mar. 21, 2011).

4

**PREJUDICE**. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent and strike this case from the active docket of this Court. As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: January 9, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE